## Philip Mason's Heirs v. Stephen McLaughlin.

Where the plaintiff sued to cancel a sale to him of defendant's headright certificate for a league and labor of land, issued by the Board of Land Commissioners of Shelby County in the year 1839, No. 751, on the ground that it had been previously sold by defendant to another person, who had obtained a patent thereon ; and filed a certified copy from the General Land Office, of the previous assignment, in which the certificate was described as the headright certificate of the defendant, for a league and labor of land, issued by the Board of Land Commissioners of Shelby County, No. 749, on the —— day of ————, A. D. 18—, it was held that an objection to the variance in the number of the certificate, made when the copy was offered as evidence, was not well taken.

The mesne assignments of land claims, in all cases in which patent is authorized to issue to the assignee of such claims, when filed in the General Land Office, become records thereof ; and copies of the same, certified by the Commissioner, are admissible in evidence as the originals would be. (There was no objection in this case, that the original was not proved. REPS.)

It is not sufficient for a plea of the statute of limitations to aver adverse possession for three years under title, or under color of title, but under such title as is prescribed by the 15th Section of the statute, viz : by transfer from or under the sovereignty of the soil.

Although a vendee, under deed, holds adversely to the vendor, yet the statute has prescribed no period within which an action may be brought for the rescission of the contract and cancellation of the deed ; and though some reasonable limit, by way of analogy, would be fixed by the Courts, yet sufficient time had not elapsed in this case (five years less about two months) to preclude the plaintiff from resort to his remedy.

There appears to be a misapprehension that this Court has decided that in cases of fraud, the cause of action accrues at the date of the perpetration, and not of the discovery of the fraud. No such principle has been decided by this Court, and no rule has been definitely prescribed on the subject.

Appeal from Lavaca. Suit by appellee against appellant, commenced September 13th, 1855. The petition alleged that on the 5th day of November, 1850, Philip Mason, the defendant's father, fraudulently sold and delivered to the plaintiff, his headright certificate for one league and labor of land, No. 751, first class, issued by the Board of Land Commissioners of Shelby County, in the year 1839, in consideration of a tract of land, containing one hundred and fifty-four acres, describing it, in Lavaca county, to which plaintiff had full title and which he then conveyed to said Philip, and which had ever since remained in possession of said Philip and his heirs; that the said Philip had previously, on the 13th day of June, 1840, in Shelby county, sold and transferred his headright certificate for one league and labor of land issued to him by the Board of Land Commissioners of Shelby County, to Samuel Brooks, who had sold the same to Travis G. Brooks; that plaintiff had no knowledge of the spurious sale, but that the same was fraudulently concealed from him by said Philip; that afterwards patents issued to said Travis G. Brooks on said headright certificate; and that plaintiff had no knowledge of the previous sale, until the first day of November, 1852. The certificate, and copies from the General Land Office of the assignment from Mason to Samuel Brooks, and from Samuel to Travis G. Brooks, and copies of the patents to Travis G. Brooks were filed as part of the petition. In the assignments the certificate was described as Philip Mason's headright certificate for a league and labor of land, issued by the Board of Land Commissioners of Shelby County, No. 749, and dated the —— day of ————, A. D., 18—. The patents purported to be issued on a duplicate obtained in 1847 from the Commissioner of the General Land Office, and did not state the number of the original certificate.

Defendants demurred; denied all and singular, &c.; and pleaded that the said Philip Mason and his heirs, the present defendants, have had more than three years possession of the

land in plaintiff's petition mentioned and described, previous to the commencement of this suit, and for more than three years next after plaintiff's right of action accrued, if any he has, under title, claiming the same adverse to the plaintiff, and he pleads said possession in bar of this action.

And for further answer in this behalf they charge that the said Philip Mason and his heirs, the present defendants, have had more than three years possession of the land in plaintiff's petition mentioned and described, previous to the commencement of this suit, and for more than three years next after plaintiff's right of action accrued, if any he has, claiming the same under color of title, adverse to the plaintiff; and they plead said possession in bar of this action.

And for further answer they charge that if the plaintiff ever had a right of action against these defendants, the same accrued more than two years before the commencement of this suit, and they plead said limitation in bar of this action.

There being no administration of the estate of Philip Mason nor guardian of his children, the defendants answered by guardian *ad litem*.

On the trial the plaintiff gave in evidence the headright certificate of Philip Mason, No. 751; the copy of assignment by Mason to Samuel Brooks; the copy of assignment by Samuel Brooks to Travis G. Brooks; the copies of patents to Travis G. Brooks; the deed from the plaintff to Philip Mason for the land sued for; and proved that the consideration of said deed, although purporting to be six hundred dollars, was in fact the assignment by said Mason of his said headright certificate to plaintiff.

It was proved that said Mason entered into possession of the land sued for immediately after the purchase, aud remained so in possession until his death, and that defendant McKinney has since been in possession under the heirs of Mason. (McKinney had answered, disclaiming title in himself, and alleging that he was in possession under the defendants.)

There was a bill of exceptions, the substance of which appears in the Opinion.

*Cunningham & Holt*, for appellants.

HEMPHILL, CH. J.   The first assignment is as to the supposed error in permitting the plaintiff to read in evidence certain papers, set out in the defendant's bill of exceptions.   The first paper, embraced in the exception, is marked A, and purports to be the copy of a paper filed in the General Land Office, being the several transfers of certificate No. 749, from Philip Mason to the last assigned, Travis G. Brooks.   The objection to the paper was twofold, viz :

1st.  That it purported to be an assignment of a different certificate from that set out in the petition ; and

2nd.  That it was not such a paper as is made evidence by the certificate of the Commissioner of the General Land Office.

The only point in which there is a want of identity between the description of the certificate of Mason, as sold to Brooks, and the certificate, as sold to the plaintiff, McLaughlin, is in the number, the first being 749 and the latter being 751.   In other respects there is perfect correspondence.   They are both for the headright of Philip Mason for a league and labor of land, and issued by the Board of Commissioners of Shelby County.   There is not much probability that there were two Philip Masons entitled to the same quantum of land.   If there had been, it should have been proven by the defendants, as the plaintiff, by the pleading, had apprised them for months before the trial, that he intended to rely upon the paper as evidence of a transfer by Mason, of his headright certificate, of a date antecedent to the assignment to himself.   Though there be a variance in the number, yet that was no sufficient ground on which to doubt the identity of the certificate, and there was

no error in refusing to sustain the objection for the want of identity.

Nor was the admission of the paper erroneous on the ground that such paper is not made evidence by the certificate of the Commissioner of the General Land Office. By Art. 744 Dig., copies of the records of all public offices and Courts of this State, certified to under the hand and seal of the lawful possessor of such records, shall be admitted as evidence in all cases in which the records themselves are admissible, &c.— There can be no doubt that the mesne assignments of a land claim become records of the General Land Office, in all cases in which patent is authorized to issue to the assignee of such claim. The Commissioner must judge of the right of the assignee, by the inspection of the assignments, and these remain in the Land Office as evidence of the authority under which the patent was issued to the assignee. The Commissioner is then the proper custodian of such assignments, and as such, a copy under his official seal is admissible in evidence. The copy of the transfer by Mason to Brooks, being certified by the Commissioner, was legal evidence, and there was no error in receiving it as such.

The objection to the patents, issued to Brooks, is also on the ground of identity. They were on a duplicate certificate from the General Land Office, which had no reference to the number of the original certificate. But the essential marks of identity, viz : that the certificate was for the headright of Mason, and that it was transferred to Brooks, were not wanting. The defendants were apprised that the evidence would be relied upon by the plaintiff, and had ample time to procure evidence by way of rebuttal, if in fact there was any such proof in existence. There was no error in permitting the patents to be received in evidence.

In the argument the counsel insists that there was error in the refusal by the Court to charge on the statute of limitations. In answer to this, it may be said that the plea of three

Mason v. McLaughlin.

years limitation was not properly set up in the answer. This plea should aver possession not only under title or color of title, but under such title or color of title as is prescribed by the 15th Sect. of the statute, viz : by transfer from or under the sovereignty of the soil.

But further, though a vendee, under deed, holds adversely to his vendor, yet the statute has prescribed no period within which an action may be brought for the rescission of a contract or cancellation of a deed ; and though some reasonable limit, by way of analogy, would be fixed by the Courts, yet sufficient time had not elapsed in this case, to preclude the plaintiff from resort to his remedy.

In the petition, the defendant is charged with fraudulent concealment of his previous transfer of the certificate, and this had been but lately discovered. There was no proof in support of the allegation, and it is not necessary to comment on the rule that the cause of action did not accrue to the plaintiff until after the discovery of the fraud. I allude to it only as there appears to be a misapprehension that this Court has adopted a different rule, viz : that the cause of action would accrue from the perpetration, and not the discovery of the fraud. No such principle has been decided by this Court, and no rule has been definitely prescribed on the subject.

We are of opinion that there was no error in the judgment, and the same is affirmed.

Judgment affirmed.