Short v. Wade.

W. R. SHORT AND ANOTHER v. H. W. WADE AND ANOTHER.

Assignments of land certificates deposited in the general land office for the purpose of procuring patents to land on the certificates, until the issuance of the patent, are not records of that office in the sense that constitutes the commissioner the custodian of them as such; and, consequently, the statute which makes copies of the records of all public officers, properly authenticated, admissible in evidence, where the records themselves would be, is not applicable to such assignments. before they are constituted and are recognized as records by the issuance of the patent; otherwise, however, after the issuance of the patent.

APPEAL from Kaufman. Tried below before the Hon. R. A. Reeves.

The appellants brought this action, trespass to try title, against the appellees for three hundred and twenty acres of land, and on the trial, in support of their title the plaintiffs offered a transcript from the general land office under the hand and official seal of the commissioner thereof, containing copies of the original land certificate, the field notes of survey thereof, and copies of the chain of transfers, duly acknowledged and authenticated, from the original grantee of the certificate to said Short.

The commissioner's certificate certified that the transcript contained a true copy of the originals of said instruments respectively then on file in his said office. To the reading of copies of the transfers of the certificate contained in the transcript from the land office the defendants objected, because said transfers or conveyances had not been filed with the papers of the cause, and notice of three days had not been given to them or their attorneys; and because the said transfers were not properly authenticated for record; which objections were sustained by the court. No testimony being read, or otherwise introduced, showing a transfer or conveyance of the right of James Eidson, the original grantee, the cause at this stage of the trial having been withdrawn from the jury by consent of parties, and submitted to the court, judgment was rendered for the defendants. The only point made

by the appellants in the record, is upon the exclusion of the copies of the transfers.

*J. W. Ferris*, for the appellees.

ROBERTS, J.—The statute provides that " copies of the records of all public officers and courts of this State, certified to under the hand and seal (if there be one) of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible. " (O. & W. Dig., Art. 468.) Under this it has been held that after a patent had been issued by the general land office to an assignee of a land certificate, copies of the transfers upon which it had been issued to the assignee, certified to under the hand and seal of the commissioner of the general land office, were admissible in evidence. In such case the " commissioner must judge of the right of the assignee, by the inspection of the assignments, and these remain in the land office, as evidence of the authority under which the patent was issued to the assignee. " They become thereby records of his office and he is their proper custodian. (Mason v. McLaughlin, 16 Tex. R., 28.) The question in this case is, are the copies of such assignments, certified to previous to the issuing of the patent, in like manner admissible under this statute. We think not. The government has not recognized their authenticity by the commissioner having acted upon them; they are not yet evidences of the authority of any action taken upon them by the commissioner; they are still under the control of the party who owns the land upon which the certificate may have been located, and may be withdrawn by him at pleasure from the general land office; and they are not, therefore, the records of this public officer, in the sense in which that term is used in the statute. His possession of them, for the time being, is lawful, but it is so because it is permitted by the owner, and not because of any exclusive right, which would make him the custodian of them as records of his office. The reason upon which the case of Mason v. McLaughlin is founded is not applicable to this case. The appellants could have withdrawn these assignments from the general land office and

established them as other transfers of certificates, and deeds to land, are established when offered in evidence in court. It might often happen that the only reason why a patent had not been issued was that the commissioner was not satisfied of the genuineness of the assignment lodged in his office, and if his certified copy were held to be admissible in court to prove their genuineness, it might happen that his certificate would be used as evidence to verify in court that which was doubtful in his own office.

We are of opinion that the court below did not err in deciding that these copies of the transfers were inadmissible.

Judgment affirmed.