JOHN THOMPSON v. EVERETT JOHNSON, JR.

(No. 262.)

</div>

PRESUMPTION — LAND CERTIFICATE.— A valid location upon land severs it for one year from public domain, and a pre-emptor is in no better position than a locator.

APPEAL from Jack county. Opinion by DELANEY, J.

STATEMENT.— This suit was brought by appellant against appellee to cancel a patent issued to the latter and remove cloud from the title to a tract of land held and claimed by the former. Plaintiff claims that he is entitled to the land as a homestead by pre-emption.

He had settled on the land with his family on October 16, 1874; believed it vacant; had it surveyed on December 16, 1874, and the field-notes returned to the land office.

On December 6, 1877, he made the proper proofs of resi-

dence, etc., and had them filed in the land office, and has occupied and claimed the land as his homestead up to the present time.

Defendant claims the land under a patent issued January 20, 1875. Plaintiff claims that this patent was unlawfully issued, and is a cloud upon his title; he prayed for cancellation, that the plaintiff be quieted in his possession, and for general relief.

Defendant answered that on May 23, 1873, one A. R. Burnet, with his family, had gone upon the land and preempted it as his homestead; had it surveyed May 24, 1873; had improved and occupied it until October 7, 1874, when he, together with his wife, conveyed it to him (defendant); that he took possession of it on the same day, and placed workmen on it to improve it, and they were on it on the 16th day of that month, when plaintiff took possession and dispossessed them by force; that, upon the day of his purchase from Burnet and wife, he made a file upon the land of a genuine land certificate (describing it); that on December 11, 1874, he had the land surveyed by virtue of this certificate, and afterwards the field-notes were applied to another certificate for unlocated balance to one Keller, and that upon January 20, 1875, a patent issued to him for the land; that when plaintiff took possession he was fully informed of defendant's rights to the land. Case submitted to the court and judgment rendered for defendant.

Plaintiff appeals, and assigns as error that the finding of the court was contrary to law and the evidence. Upon trial defendant offered in evidence a copy, certified from the land office, of the transfer to him of the Keller certificate, upon which the patent issued. The plaintiff objected because it had not been recorded in Jack county, and, not being a record of the land office, a certified copy from that office was not admissible.

OPINION.— This objection cannot be maintained, as the commissioner had passed upon the validity of the assign-

ment and had issued a patent to the assignee. From that time the assignment became a record of the land office, and the copy was properly admitted. Short v. Wade, 25 Tex., 510; Mason v. McLaughlin, 16 Tex., 24. But appellant insists that the transfer from Burnet and wife to appellee was void because it was not by deed authenticated as required by act of March 24, 1871. Pasch. Dig., art. 7103. But we cannot accept this conclusion. The act of 1871 above referred to does not apply to transfers like that of Burnet and wife. By its terms it applies to transfers made after party has resided upon the land for three years and has acquired an equitable title to the land. The case, then, may be stated thus:

Appellee made a valid location upon the land on October 7, 1874. This severed the land from public domain for one year. A location by another party within the year was void as against appellee. McKinney v. Grassmeyer, 51 Tex., 376.

A pre-emptor would be in no better position than a locator. Another point made by appellee is that the location and survey were made by virtue of one certificate and patent issued upon another. But when a party has appropriated land by a valid location and survey, no one but the locator and the state have any interest in the land, and if the state patents the land upon a different certificate, no other persons have a right to complain.

<div align="right">AFFIRMED.</div>