## R. E. EAKIN v. HOME INSURANCE COMPANY.

(No. 1575, Op. Book No. 2, p. 562.)

APPEAL from Lamar County. Opinion by WALKER, R. S., P. J.

§ 1234. *Variance; allegation and proof; matter of identity not within the rule as to variance; insurance policy; description of property insured.* Appellant sued appellee to recover insurance which he alleged was due him by appellee upon a policy of insurance issued upon appellant's house, which had been destroyed by fire. In the policy of insurance, the house insured was referred to as a "one story" house, and the plaintiff's petition described it as a "one story" house. The house insured was otherwise described in the policy of insurance and in the petition as to its locality, etc. Upon the trial the plaintiff's evidence as to the destruction by fire of his house was excluded by the court, because the house destroyed was "a story and a half" house, but in all other respects it answered fully the description of the house mentioned in the policy of insurance and in the petition. Verdict and judgment for defendant. *Held*, the rules of practice require a strict adherence to the requirement that the *allegata* must be conformed to by the *probata*. But this doctrine of variance does not apply to a matter of mere identity like this one. Here the question was as to the identity of the house — was the house which was destroyed by fire the house which had been insured by appellee? It devolved upon the plaintiff to satisfy the jury that the house which was destroyed was in fact the same house described in the policy of insurance and in the petition. Any evidence which tended to establish that fact was not a departure from the pleadings, and was relevant. [Pleasants v. Dunkin, 47 Tex. 357; Mason v. McLaughlin, 16 Tex. 24; Mason v. Kleberg, 4 Tex. 85.] The contract purported to insure a certain house against a loss by fire, and when its identification became the im-

709

portant subject of investigation, it was undoubtedly competent to prove, in order to establish the loss by fire of the house insured, that any building which *may* have been the building described in the policy was in fact the disputable house, even though the description given of it may have caused difficulty in ascertaining and defining with certainty the building in question. A discrepant description by no means affects the right to offer proof of identification; indeed, the discrepancy it is that necessitates the required proof to establish a material fact. A discrepancy in the description of the "story" of the house did not justify the exclusion of the evidence which the plaintiff offered; for although the house may have been one constructed with a "story and a half," and may have been accurately described as such, it might, nevertheless, have been the identical house which the policy described as a "one story" house.

§ 1235. *Description may be material, when, etc.* It may occur in investigations of this kind, relating to the recovery of insurance for property lost by fire, that the description of the property insured has a significant bearing and relation to the obligation of the insurer, as it may affect the extent of his liability. Aside from any consideration of fraud in procuring the policy, which of course would void the policy where it existed, if the description given by the policy of the premises insured has the effect to either diminish or enlarge the extent of the risk to be borne by the insurer, it would in such cases become, not a question of mere identification of the premises, but one essentially relating to the contract of the parties, and the question would be to ascertain which part of the premises, or what portion or contents of or appurtenances to them, as the case might be, were intended to be embraced by the terms of the contract. It would not be competent to enlarge the contract by evidence which would contradict or vary the limitations and description prescribed by the contract for the purpose of defining the risk taken by the insurer. The descriptive portion of the contract which

refers to the house may determine whether the risk to be taken includes fixtures or machinery connected with the house, or otherwise, and then the description of the house relates not alone to the identity of the property insured, but has an important relation to the terms and conditions of the insurer's undertaking.   [1 Paige (N. Y.), 278.]

December 7, 1881.          Reversed and remanded.