# W. HOLMES, ET. AL., VS. J. T. ANDERSON.

## SUPREME COURT, AUSTIN TERM, 1883.

*Land Certificate—Evidence of Transfer.*—Parol evidence of the conveyance of a land certificate is not admissible, where it appears that the transfer was made by an instrument in writing.

*Same—Land Office Copies.*—Certified copy of a land certificate, made by the commissioner of the General Land Office, the original being on file in his office as a link in the chain of title to the survey of land which has been properly returned to that office, is admissible, and is subject to such objections as could be made to the original were it produced.

*Same—Location—Junior Survey.*—If the surveyor's certificate does not show that the survey was actually made in the field, in a contest between a holder under such survey and a junior locator that it was so made, might he shown by other evidence than the surveyor's certificate.

*Legislative Power—Headright Certificates.*—See opinion for discussion on power of the Legislature to issue headright certificates.

Appeal from Taylor County.

*Rector & Thompson,* for appellants.

*Spoonts & Leggett,* for appellee.

Opinion by Stayton.

The parol evidence offered to prove the conveyance of the land certificate to Worthington was not admissible, it appearing that the conveyance was made by an instrument in writing, and besides if it had been admissible, it was insufficient to prove the conveyance.

The certified copy of the conveyance of the certificate, having been withdrawn from the consideration of the court before any ruling was made as to its admissibility, it cannot now be considered.

In view of another trial it is proper to say that, a certified copy of a land certificate, made by the commissioner of the General Land Office, the original being on file in his office as a link in the chain of title to the survey of land which has been properly returned to that office, is admissible, and is subject only to such objections as could be made to the original were it produced.

R. S. 2253 ,2259, 3808.

The reasons for the rule excluding such evidence laid down in Short vs. Wade, 25 Tex., 510, do not apply under the changed condition of the law, evidenced by the articles of the Revised Statutes referred to.

Although there were irregularities in the entry of the Willett

Holmes certificate for location, it is not believed that they were of such character as to invalidate the survey as against one who made a subsequent location of the same land, after the survey under the Holmes certificate had been made and recorded, full notice of that fact being given to the subsequent locator, otherwise than by the records of the surveyor's office, prior to the making of the subsequent location.

One of the leading purposes for making the formal entry of a location, is to give notice of the appropriation of the land to the certificate filed.

If the surveyor's certificate does not show that the survey was actually made in the field, in a contest between a holder under such survey and a junior locator that it was so made, might be shown by other evidence than the surveyor's certificate.

Whether the commissioner of the land office would issue a patent upon such defective certificate, does not effect the validity of the survey if properly made.

It appears from the record that the Willett Holmes certificate, under which appellants claim the land in controversy, was issued under a special act of the Legislature of date May 26, 1873.

The special act was not offered in evidence and we cannot judicially know, whether that act was the sole basis for the right of Willett Holmes to a certificate or not.

The certificate was for a league and labor of land, and professes to be a Headright certificate.

If, at the time of the adoption of the constitution of 1870, there existed a valid unsatisfied certificate to Willett Holmes for a league and labor of land, and it had been lost, and it became necessary to have such evidence of that fact as would authorize Willett Holmes or his assignees to appropriate so much land; or if for any other reason it became necessary to issue to Holmes a certificate to evidence a right, which he had thought a valid unsatisfied land certificate existing at the time of the adoption of the constitution of 1870, then the Legislature had the power to direct a certificate to issue to evidence such right, although a duplicate might have been obtained under the general law. If, however, there was no valid unsatisfied certificate in favor of Willett Holmes for a league and labor of land in existence potentially, although the evidence of it may have been lost or destroyed, at the time the constitution of 1870 was adopted, then

the Legislature had no power to grant to Willett Holmes a land certificate for a league and labor of land as a Headright, although at some past time the facts may have existed which would have entitled him to a certificate for that quantity of land. Constitution 1870, Art. X, Section 6, Bacon and Bates vs. Russell, 57, Tex., 415.

After the adoption of the Constitution of 1870, so long as it continued in force, the Legislature had no power to authorize the original issue of such land certificates as issued to Willett Holmes, by reason of any equity or right which he at some former time may have had.

From time to time, the Legislature had furnished ample means to such persons as were entitled to receive land certificates of any of the different classes, by which they could obtain them and even the Act of February 7, 1860, applied to the original issue of Headrights of the first class; and against all who failed to avail themselves of the offered opportunities, the Constitution of 1870 operated as a bar to further extension of time or means by the Legislature.

The judgment will be reversed and the cause remanded, and upon another trial, those claiming through the Willett Holmes certificate will have an opportunity to show, if they can, that the certificate was legally issued.

Reversed and remanded.