Lee SCHAM, Plaintiff,

v.

**DISTRICT COURTS TRYING CRIMINAL CASES, et al., Defendants.**

Civil Action No. H–96–563.

United States District Court, S.D. Texas, Houston Texas Division.

Jan. 31, 1997.

Randall Lee Kallinen, Houston, TX, for Plaintiff.

Ray Elvin Speece, Harris County Adm. Office of District Courts, General Counsel, Houston, TX, for Defendants.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT

HOYT, District Judge.

## I. INTRODUCTION

The plaintiff, Lee Scham, a criminal defense attorney licensed by the State of Texas, filed this suit under 42 U.S.C. § 1983 against the defendants, the District Courts Trying Criminal Cases in Harris County ("DCTCC") and its 22 presiding judges[1], claiming a violation of his First and Fourteenth Amendment rights and the Texas Open Records Act.

Pending before the Court are the parties' cross motions for summary judgment. Having reviewed the motions, responses, and the applicable law, this Court concludes that the plaintiff shall be granted summary judgment.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The DCTCC is the descriptive name of the 22 district courts[2] sitting in Harris County, which give a preference to the trial of felony criminal cases. On September 6, 1989, Judge J. Charles Hearn, acting as the DCTCC's administrative judge, unilaterally issued an order ("Order") prohibiting the Harris County district clerk and sheriff from disclosing the "street addresses or telephone numbers of any defendant in any case [pending in the 22 criminal courts] until an attorney is hired by the defendant or an attorney is appointed by the court to represent said defendant." Judge Douglas Shaver, the DCTCC's current administrative judge, reissued the Order in 1992. The district clerk and sheriff[3] have complied with the Order since its implementation.

The Order's underlying aim, according to Judge Hearn, is to stem the deluge of (attorney) direct-mail solicitations targeted at criminal defendants indicted in Harris County, and thereby, preserve and protect the defendants' privacy interests. The plaintiff, by contrast, claims that the Order has diminished his contact with these criminal defendants and, consequently, sharply reduced legal revenues.

On February 20, 1996, the plaintiff and J. Charles Whitfield filed this suit against the DCTCC and Judge Shaver. Whitfield has since been dropped from the suit as a named plaintiff, and all of the DCTCC judges were named as defendants in both their individual and official capacities. This Court, however, subsequently dismissed the plaintiff's claims against the judges in their individual capacities.

## III. CONTENTIONS OF THE PARTIES

The plaintiff filed this suit under 42 U.S.C. § 1983, seeking declaratory and injunctive relief against the defendants. Specifically, the plaintiff argues that the Order violates his: 1) First Amendment right to freedom of speech, and 2) Fourteenth Amendment rights to "due process" and "equal protection" of the laws. The plaintiff also claims that the Order violates the Texas Open Records Act, Tex. Gov't Code Ann. § 552.001 *et seq.* (West 1996). Finally, the plaintiff contends that the Order is void because the defendants have not been directly or indirectly endowed with the requisite authority under Texas law to implement the Order at issue.

---

1. On instruction from the Court, the DCTCC judges have been named as defendants in their official capacities because they have no individual liability and the acronym for the individual judges, DCTCC, is not a suable entity.

2. The state constitution empowered the legislature to create judicial district courts for the trial of criminal cases in 1876. *See Long v. State,* 1 Tex.App. 709, 713 (Tex.Ct.App.1877).

3. Notwithstanding the Order, the sheriff's department proscribes the release of a criminal defendant's street address and telephone number pursuant to its standard operating procedure manual section 8.01 (entitled "Disclosure of Information Guidelines").

The defendants contend that the Order complies with the federal Constitution, and that the Eleventh Amendment precludes this Court's review of the plaintiff's state-law claims. Nevertheless, the Court will review and address the propriety of the plaintiff's claim and the defendants' defense from a summary judgment perspective because there is no genuine issue as to the material facts giving rise to this controversy and because the relief sought is injunctive.

## IV. ANALYSIS AND DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of "informing the [C]ourt of the basis of its motion," and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v.*

*Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991).

The primary inquiry here is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail, as a matter of law. *Anderson*, 477 U.S. at 247, 106 S.Ct. at 2509–10. The substantive law of the case identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. Only disputed facts potentially affecting the outcome of the suit under the substantive law precludes the entry of a summary judgment. *Id.*

### B. The Eleventh Amendment and Ultra Vires Doctrine

■ The plaintiff's principal and most compelling argument is that the defendants have not been delegated any authority under Texas law to adopt and implement the Order in question. The defendants, relying on *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984), maintain that the Eleventh Amendment bars this Court from reviewing the state-law claims.

■ In *Pennhurst*, the Supreme Court held that the Eleventh Amendment generally bars suits against state officials for violations of state law in carrying out their official duties.[4] *Id.* at 121, 104 S.Ct. at 919. The Supreme Court reasoned that a "federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law," thus, federal courts lack jurisdiction over cases that require an application of state law to state official duties. *Id.* at 106, 104 S.Ct. at 911.

■ The *Pennhurst* Court noted, however, that a federal court may review an action against a state officer acting ultra vires.[5] *Id.*

---

**4.** The Eleventh Amendment restriction is bypassed if Congress has abrogated the state's immunity, or the state has expressly waived its immunity to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984).

**5.** The *Pennhurst* Court noted that the ultra vires doctrine is a "narrow exception," to the Eleventh

Amendment and questioned its continued vitality, but never expressly overruled it. *Pennhurst*, 465 U.S. at 114 n. 25, 104 S.Ct. at 915 n. 25; *see also Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993) (court had jurisdiction to review the case, notwithstanding the Eleventh Amendment,

at 102 n. 11, 104 S.Ct. at 908 n. 11; *Word of Faith World Outreach Ctr. Church, Inc. v. Morales,* 986 F.2d 962, 966 (5th Cir.), *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993). A state officer acts ultra vires when he acts beyond the scope of his statutory authority, or pursuant to authority deemed to be unconstitutional. *Word of Faith,* 986 F.2d at 966; *see also Pennhurst,* 465 U.S. at 102 n. 11, 104 S.Ct. at 908 n. 11 (quoting *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 697, 102 S.Ct. 3304, 3321, 73 L.Ed.2d 1057 (1982)) (ultra vires is acting " 'without any authority whatever' ").

■ In the instant case, the defendants admit that the Order was unilaterally effected by Judge Hearns. Also, their summary judgement brief cites no statutory or state constitutional provision authorizing Judge Hearns or the DCTCC to adopt such an order. However, in his deposition, Judge Hearns refers to Texas Government Code § 74.093(a) as the basis for his authority in promulgating the Order. The Court finds the defendant's contention (and his strained statutory construction) wholly untenable.

■ Section 74.093 authorizes the district and statutory county court judges in each county to adopt local rules of administration by majority vote. Tex. Gov't Code Ann. § 74.093 (West Supp.1997). "Th[ese] rules are specifically limited to providing for the various *administrative needs* of the district and statutory county courts." *Smith v. Flack,* 728 S.W.2d 784, 791 (Tex.Crim.App. 1987) (emphasis added). Further, the legislative intent was to improve the administration of trial courts so that the parties could enjoy a "prompt, efficient, and just hearing and disposition of all disputes before the various [Texas] courts." Tex. H.B. 1658, 69th Leg., ch. 732, § 1 (Vernon 1985).

The Order fails to state that it fulfills any *administrative need* peculiar to the courts.

In fact, it is undisputed that the Order was adopted only to protect the "privacy and tranquility" of criminal defendants appearing before DCTCC judges against "intrusive, unsolicited" direct-mail solicitation by lawyers. The protection and preservation of a criminal defendant's privacy interests, while a legitimate concern [6], does not directly or indirectly further the administrative concerns contemplated by the state legislature when it enacted section 74.093. Indeed, the Order does nothing to further the courts' administrative needs. On the other hand, it would appear that it obstructs the administration of justice. Attorneys providing such a service may create a two-fold benefit: save the taxpayers of Harris County the appointment fee and, potentially, expedite the resolution of the case.

The Court, accordingly, determines that section 74.093 provides the defendants with no authority to implement the Order. Furthermore, contrary to the facts in *Pennhurst,* the defendants are not carrying out any official duty granted by state law. In fact, they have exceeded the statutory authority available to them.

## V. CONCLUSION

It is a well-settled doctrine of constitutional law that a court should not reach out and decide difficult questions of federal constitutional law if these questions can be avoided by a decision based on state law. *Siler v. Louisville & Nashville R.R. Co.,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909); *Crane v. Texas,* 759 F.2d 412, 422–23 (5th Cir.), *modified in part on other grounds,* 766 F.2d 193 (5th Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985); *Peltier v. Assumption Parish Police Jury,* 638 F.2d 21, 22 (5th Cir.1981).

■ In light of the foregoing discussion, the Court finds that this suit falls within the ultra vires exception to the Eleventh Amendment, furnishing this Court with subject mat-

---

because state officer acted ultra vires his authority).

**6.** In *Houchins v. KQED, Inc.,* 438 U.S. 1, 14, 98 S.Ct. 2588, 2596–97, 57 L.Ed.2d 553 (1978), the Supreme Court held that the First Amendment does not guarantee "a right of access to government information or sources of information with-

in the government's control." *Id.* at 15, 98 S.Ct. at 2597. The Supreme Court found that the jail officials' interest in protecting the safety, welfare, and privacy of inmates permitted some form of restraint. *Id.* at 16–19, 98 S.Ct. at 2597–99 (Stewart, J., concurring).

ter jurisdiction over the state-law claims. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 118 n. 28, 104 S.Ct. 900, 918 n. 28, 79 L.Ed.2d 67 (1984) (the *Pennhurst* court noted that its holding in no way diminished "the desirability of applying the *Siler* principle in cases where the federal court has jurisdiction to decide the state-law issues."). The Court, thus, determines that the administrative order is void because the defendants are acting beyond the scope of constitutional or statutory authority in adopting and enforcing the Order. Without determining whether the plaintiff has a federal constitutional right to the information, the Court holds that the plaintiff has a federal constitutional right *not to be denied the information based on a void order.*

The plaintiff's motion for summary judgment is granted in this limited respect, and the defendants are enjoined from enforcing the Order, *See* 44 Tex. Jur.3d *Injunctions* § 69 (1985) (injunctive relief lies against a state officer who acts without or in excess of his authority).