Second National Bank of Clarion, Appellant, *v.* Lawson Morgan et al.

[Marked to be reported.]

*Promissory notes—Negotiability—Suspicious circumstances—Affidavit of defence—Averments of facts and belief—Practice, C. P.*

The bona fide holder of a negotiable note for value without notice can recover on it, notwithstanding he took it under circumstances which ought to excite the suspicion of a prudent man.

An affidavit of defence to a promissory note is insufficient which merely avers that the defendants " believe and expect to be able to prove upon the trial of this cause that the plaintiff above named (a national bank) is not a bona fide holder for value, of the note in suit before maturity, but that said plaintiff took said note under such circumstances and with such knowledge as to put it upon notice and inquiry which would have led to full disclosure and knowledge that said note was obtained fraudulently, and was without consideration."

The averment that the affiants expect to be able to prove on the trial that the plaintiff is not a bona fide holder, is not an assertion of the fact,

but only of the expectation of ability to prove it, and the basis of the expectation is immediately stated by way of illustration as being the taking of the note under circumstances of suspicion. No actual circumstance of suspicion is stated and no fact impeaching the bona fides of the holder or as affording a ground of belief to that effect appears.

*Affidavit of defence—Promissory note—National banks.*

An affidavit of defence to a promissory note, where a national bank is plaintiff, is insufficient, which avers that defendants believe and expect to be able to prove that the note in suit was discounted for the payees at a rate of interest or discount of twenty-five per cent, and that by reason of said usurious rate of interest, plaintiff cannot recover any interest thereon, nor can it recover an amount exceeding the actual amount paid for said note.

Argued Oct. 4, 1894. Appeal, No. 236, Oct. T., 1894, by plaintiff, from order of C. P. Clarion Co., April T., 1894, No. 146, discharging rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defence in assumpsit on promissory note. Before CLARK, P. J.

The affidavit of defence averred:

"1. That the consideration of the note in suit has wholly failed, and that said note was obtained from the defendants by means of false and fraudulent representations and pretences, to wit, by means of falsely and fraudulently representing and pretending to said defendants that Leggett & Johnson, the payees in said note, were the owners of a large stock farm and sales stable of imported horses at Batavia, New York, and that a certain Percheron stallion called ' Orphelian ' was duly registered as directly imported by them from France and was worth the sum of twenty-five hundred dollars ; that the said stallion was a reasonably sure foal getter, and was sound in every particular; and then and there falsely and fraudulently. represented to the said defendants that certain of said defendants, who were well known and influential citizens and breeders of horses in the neighborhood, had agreed to take stock in the purchase of said stallion and to sign, inter alia, the said note in suit ; and that certain of said defendants, being well-known reputable and influential citizens and breeders of stock in said neighbor-

hood had bona fide taken a certain amount of stock in the purchase of said stallion, when in truth and in fact the said stock had been given to said defendants at an under price for the privilege of the use of their names in selling the balance of the stock; that Harrison McCall and other well known and influential citizens and breeders of stock in said neighborhood, had consented and agreed to take stock and sign the said note in suit in purchase of the said stallion; all which representations were false and fraudulent, and by means and color thereof the said Leggett & Johnson and one Converse, did persuade and induce said defendants, severally and apart from each other, to take stock in the purchase of said stallion, and to sign, inter alia, the note in suit in part payment for the said stallion, with intent to cheat and defraud said defendants; that the said stallion was not a reasonably sure foal getter, was not sound in every particular, but in truth and in fact was entirely worthless for any and all purposes.

"2. That the affiants believe and expect to be able to prove upon the trial of this cause that the plaintiff above named is not a bona fide holder, for value, of the note in suit before maturity, but that said plaintiff took said note under such circumstances and with such knowledge of the facts set forth in the preceding paragraph of this affidavit as to put it upon notice and inquiry which would have led to a full disclosure and knowledge that said note was obtained fraudulently, and was without consideration.

"3. That the said plaintiff is a national bank, a corporation organized under the laws of the United States as set forth in its statement of claim filed, and is subject to the statutes of the United States governing and regulating such banks; that under said statutes said plaintiff corporation is limited and confined to the rate of discount and interest allowed by the laws of the state of Pennsylvania, wherein said plaintiff bank is located and doing business, and prohibited from receiving, reserving and charging a rate of interest or discount exceeding six per cent per annum, being the maximum rate fixed by law in the said state of Pennsylvania; that affiants believe and expect to be able to prove upon the trial of this cause that said note set forth in the plaintiff's statement of claim was discounted for the payees therein named at a rate of interest or discount of twenty-

five per cent and upwards, the exact rate affiants are not now able to state but expect to be able to prove upon the trial of the cause aforesaid; and affiants are advised by counsel and believe that by reason of the said usurious rate of interest or discount, if the said plaintiff were entitled to recover on said note at all, it cannot recover any interest thereon nor can it recover an amount exceeding the actual amount paid for said note, to wit, the amount paid for said note less the credit indorsed thereon and the amount of interest or discount retained thereout by said plaintiff."

Rule discharged in an opinion filed.

*Error assigned* was above order, quoting it.

*J. T. Maffett*, for appellant.—The claim of a bona fide holder of a bill which has been lost or fraudulently obtained, is not to be defeated by his having taken it under circumstances which ought to have excited the suspicion of a prudent man: Phelan v. Moss, 67 Pa. 62; Bank v. McCoy, 69 Pa. 209; McSparran v. Neely, 91 Pa. 26; Griffith v. Sitgreaves, 90 Pa. 167; Sloan v. Banking Co., 67 Pa. 472; Bank v. Goss, 31 Vt. 315; Tiedeman on Commercial Paper, 482; Hamilton v. Vought, 34 N. J. L. 187; Hawthorne, Neg. Inst., p. 71.

In Bacon v. Scott, 154 Pa. 250, and Moeck v. Littell, 82 Pa. 356, the instruments were never negotiated, and actions were between the original parties to the contract.

The maker, by its negotiable form, authorizes the payees to put it in circulation. If he has issued the note imprudently, that ought not to impose upon the holder, what may often be a very difficult because an unexpected burden: Sloan v. Bank, 67 Pa. 470.

The affidavit must state facts: Hutchinson v. Boggs, 28 Pa. 294; Kaufman v. Iron Co., 105 Pa. 541.

Usury is not a defence to this action: Bank v. Matthews, 98 U. S. 621; Bank v. Whitney, 103 U. S. 99; Woollen Co. v. Lamb, 143 Mass. 420; National Bank Act of 1864, § 30, 13 Stat. 99; Barnet v. Bank, 98 U. S. 555; Bank v. Gruber, 91 Pa. 377; Driesbach v. Bank, 104 U. S. 52; Bank v. Carpenter, 52 N. J. L. 165; Nash v. Bank, 68 N. Y. 396; Bank v. Dushane, 96 Pa. 340; Smith v. Bank, 26 Ohio, 141; Bletz v. Bank, 87 Pa. 94;

Bly v. Bank, 79 Pa. 453; Knights v. Putnam, 3 Pick. 184; Bank v. Littell, 47 N. J. L. 233 ; Lazear v. Bank, 52 Md. 78; Bank v. Bingham, 50 Vt. 105; Bank v. Savery, 127 Mass. 75 ; Morse, Banks and Banking, part 2, § 130; Titusville Bank's Ap., 85 Pa. 532; Bank v. Dearing, 91 U. S. 35, 36 ; Report of Comptroller of Currency, 1891, vol. 1, p. 105, note.

*John W. Reed* and *W. L. Corbett, Don C. Corbett, Harry R. Wilson* and *G. G. Sloan* with them, for appellee.—The authorities in Pennsylvania sustain affidavits of defence where the language in the affidavit is similar to the one in the present case : Bacon v. Scott, 154 Pa. 250 ; Moeck v. Little, 82 Pa. 356 ; Black v. Halstead, 39 Pa. 64 ; Reznor v. Supplee, 81 Pa. 180 ; West v. Simmons, 2 Whart. 261 ; Leibersperger v. Bank, 30 Pa. 531 ; Thomson v. Clark, 56 Pa. 33.

The remedy provided by the act of Congress is forfeiture, and may be interposed by any party to the proceeding to enforce payment of the note : Guthrie v. Reid, 107 Pa. 257.

Where a statute creates a new right or offence and provides a specific remedy or punishment, they alone apply. Such provisions are exclusive : Bank v. Dearing, 91 U. S. 29 ; Barnet v. Bank, 98 U. S. 558.

Lucas v. Bank, 78 Pa. 228 ; Overholt v. Bank, 82 Pa. 490; and kindred cases are only overruled so far as they hold that illegal interest in other transactions can be used by way of setoff or payment. Upon the remaining principles therein decided they are still the law.

OPINION BY MR. JUSTICE GREEN, Jan. 7, 1895 :

The affidavit of defence in this case makes three averments. First, that the consideration of the note in suit has failed and that the note was obtained by the payees from the makers by means of false and fraudulent representations respecting a certain Percheron stallion. As these facts are not alleged to have been known to the plaintiff bank, and as the note is negotiable and the bank acquired it for value and before maturity, this defence is of no avail against the plaintiff.

Second, That the defendants expect to be able to prove that the plaintiff was not a holder for value before maturity, but that the bank took the note under circumstances and with such

knowledge of the facts as to put it upon notice and inquiry, which would have led to a discovery of the fraud. This defence is unavailing because the affidavit alleges no facts or circumstances whatever upon which to found a belief, and the mere averment of a belief, without stating the facts upon which it is founded, gives no information to the court upon which it can determine their efficiency; and if there are no facts and circumstances known to the affiants there is nothing upon which to ground any belief.

But independently of this consideration the affidavit of defence alleges only, in its second clause, that the plaintiff took the note under such circumstances and with such knowledge of the fraud as were sufficient to put it upon inquiry and that inquiry would have led to a discovery of the fraud, and it nowhere alleges actual knowledge of the fraud when the note was taken. The learned court below considered that this averment was sufficient to prevent judgment. But this court decided as long ago as 1870 in a well considered case, and in an exhaustive and elaborate opinion by Mr. Justice RÉAD, in the case of Phelan v. Moss, 67 Pa. 59, that such a defence when proved by testimony was no defence at all in an action on a negotiable note. We there held that a holder of a negotiable note bona fide for value without notice can recover it, notwithstanding he took it under circumstances which ought to excite the suspicion of a prudent man. Justice READ reviewed the authorities in England and this country, and showed with conclusive force, that, even in England, where for a short time the opposite doctrine obtained a lodgment, starting with the case of Gill v. Cubitt, 3 B. & C. 466, it had been altogether abandoned and overruled. This was accomplished through a series of decisions, when, in the last of them, Goodman v. Harvey, 4 Ad. & Ellis, 870, Lord DENMAN said, " We have shaken off the last remnant of the contrary doctrine. Where the bill has passed to the plaintiff without any proof of bad faith in him, there is no objection to his title."

Justice READ further reviews both the federal and state decisions in this country, and includes in them the case of Beltzhoover v. Blackstock, 3 Watts, 20, in which Judge SERGEANT expressed a concurrence, though unnecessarily, in the doctrine of Gill v. Cubitt. And he also showed that this court

had never followed Beltzhoover v. Blackstock in this regard but had followed the opposite rule. He concludes by assuming that the note was obtained by fraud on the maker, and, reviewing the circumstances of suspicion, among which was the fact that the plaintiff bought the note, which was for $250 against a solvent drawer, for $100, he adds, "Neither one nor all these facts, if found by the jury, proved mala fides on the part of the holder, or brought home to him knowledge of the fraud; but on the contrary it was clear that he was a bona fide holder for value without notice, and of course entitled to recover." This case has been many times recognized and followed by this court and never departed from to this date. In McSparran v. Neeley, 91 Pa. 17, Mr. Justice WOODWARD said, "Phelan v. Moss has been uniformly followed, since it was decided," and in that case also we decided that the indorsee of a negotiable note who took it before maturity, bona fide for value without notice, is entitled to recover from the maker, though a fraud was practiced on the maker in obtaining his signature to the note; the fact that a negotiable note which was obtained by fraud was taken by the holder under circumstances which ought to have excited suspicion will not defeat a recovery; it must be shown that it was taken mala fide.

Most extended references both to decided cases and text writers could be added to the foregoing, but it would be a waste of time and space. We conclude therefore that the averment upon this subject in the second clause of the affidavit of defence in this case is of no consequence whatever, and could not suffice to put the plaintiff to any proof on the trial. The burden of proving actual bad faith would still rest on the defendants.

The averment in the first part of the second clause that the affiants expect to be able to prove on the trial that the plaintiff is not a bona fide holder, is not an assertion of the fact but only of an expectation of ability to prove it, and the basis of the expectation is immediately stated by way of illustration, as being the taking of the note under circumstances of suspicion. No actual circumstance of suspicion is stated, and no fact impeaching the bona fides of the holder, or as affording a ground of belief to that effect appears anywhere in the affidavit. If, on the trial, the defendants should prove exactly what they have alleged in the second clause of the affidavit, to wit, that they

believe and expect to be able to prove that the plaintiff was not a bona fide holder for value, and that he took the note under circumstances of suspicion, they would have accomplished nothing. Instead of proving belief they would be obliged to prove the fact of mala fides, and although they proved actual circumstances of suspicion, it would avail them nothing.

The authorities which hold that it is sufficient in an affidavit of defence to aver an expectation of ability to prove, are predicated of facts previously stated, and not of mere beliefs or inferences or conclusions.

It may be added that the third clause of the affidavit not only admits, but distinctly asserts, that the plaintiff paid for the note seventy-five per cent or thereabouts, in money, of its face value, and is therefore fatally inconsistent with any allegation or inference that the note was not acquired for value.

We do not consider the cases of Hutchinson v. Boggs, 28 Pa. 294, and Lerch Hardware Co. v. Bank, 109 Pa. 240, as applicable to this case, because here the defence relates to the want of consideration in the sale of a defective horse, and in that kind of defence the holder is not put to proof of his title to the note by the allegation of want of sufficient consideration.

We regard the first and second clauses of the affidavit as entirely insufficient to prevent judgment.

The third clause is in no better condition. It avers that the plaintiff, being a national bank, took usury in discounting the note at twenty-five per cent or upwards of its value. It is impossible to understand how any allegation of usury can be made as to such a note as this, or how these defendants can have any interest in the usury in any event. The note was not given for a loan of money but for the price of a horse sold to them. They agreed to pay $833.33 for the horse and not for a loan of a sum of money twenty-five per cent less than that amount. In the case of Barnet v. National Bank, 98 U. S. 555, the Supreme Court of the United States construing the act of Congress of June 3, 1864, sec. 30, on the subject of taking usury by national banks, said, that the act defined two categories of such cases, which they then stated. This case cannot possibly come within the first category of the act, to wit, " Where illegal interest has been knowingly stipulated for but not paid, then only the sum lent without interest can be recovered," because no sum of

money was lent, and no illegal interest was stipulated for, the rate mentioned in the note itself being six per cent, which is a lawful rate.

The second category is in these words, to wit: "Where such illegal interest has been paid, that twice the amount so paid can be recovered in a penal action of debt, or suit in the nature of such action, against the offending bank, brought by the persons paying the same or their legal representatives." There are at least three fatal reasons why the defendants can take no benefit from this provision. (1) It has been decided several times by the Supreme Court of the United States that this defence cannot be made even by the maker of the note in an action against him on the note (Barnet v. National Bank, 98 U. S. 555), nor by the surety (Stephens v. Monongahela National Bank, 111 U. S. 197), because the only remedy given by the act of Congress is by a penal action to be brought for the recovery of double the amount of the illegal interest charged, and it therefore cannot be set off in an action on the note. (2) Because no persons but those who paid the illegal interest or their legal representatives, can recover it. (3) Because no illegal interest was charged or paid upon a "sum lent," and therefore none can be recovered. The defendants, if they owe anything on this note to the plaintiff, owe the whole amount of $833.33, with six per cent interest, less any payments that were made on account. They do not owe it for money lent but for the price of a horse. So far as these defendants are concerned it is a matter of no consequence whether the plaintiff paid for the note its whole amount or any sum less than that.

Driesbach v. National Bank, 104 U. S. 52, is to the same effect as the above cited cases.

Judgment reversed and record remitted, with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.