GOETTING v. DAY et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. CHECKS—NEGOTIATIONS—INDORSEMENT—PRIMA FACIE CASE.

Where plaintiff purchased defendant's check from S., to whom it was made payable, and S. was known to plaintiff to be the person whose name was indorsed on the check, proof of such facts prima facie established a valid indorsement.

2. SAME—BONA FIDE PURCHASER—KNOWLEDGE OF DEFECTS.

S. exchanged checks with defendant, receiving a check from defendant payable to S.'s order, which he indorsed and took it to R., who indorsed it and procured it to be cashed by the H. Bank. Defendant, ascertaining that the check given him by S. would not be paid, stopped payment on the check given to S.; but he, through R., had already obtained the money on defendant's check from the bank. The bank's clerk thereafter demanded and received the money from R., who returned the check to S. after striking out R.'s indorsement thereon. S. thereupon delivered the check to plaintiff, to whom he was known, in payment of a smaller debt, and a part of the balance in cash, the remainder of which plaintiff agreed to pay to S. the succeeding day, on cashing the check; S. having informed plaintiff that defendant was indebted to him, that the check was in part payment, and that R. had indorsed the check in order to get it cashed to

accommodate S., but, not being able to do so, had erased his indorsement. *Held*, that plaintiff was the holder of the check in due course, and having no actual knowledge of any infirmity or defect therein, or knowledge of such facts, his action in taking the check did not amount to bad faith, within Negotiable Instrument Law, § 95, and he was entitled to recover the amount he had advanced to S. thereon from defendant.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Ernest C. Goetting against Frederick G. Day and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Hugo H. Ritterbusch, for appellant.
Charles W. Coleman, for respondents.

FREEDMAN, P. J. There is no dispute as to the facts in this case. On July 3, 1903, the defendant Smith exchanged with the defendant Day a check drawn by one Hamilton upon the Trust Company of the Republic for Day's check, payable to Smith's order, for the sum of $200. Smith indorsed Day's check and took it to one Richtie, who also indorsed it and procured the same to be cashed by the Hanover Bank. Day, ascertaining that Hamilton, the maker of the check held by him, had no account with the trust company, stopped payment on the check he had given Smith; but Smith, through Richtie, had already obtained the money upon Day's check from the Hanover Bank. Thereupon a clerk from the Hanover Bank went to Richtie's office, and, finding Smith and Richtie there, demanded the return of the money paid by the bank upon Day's check. Richtie thereupon paid the clerk $200, who handed the check to Richtie. Richtie thereupon drew several lines through his name indorsed upon the check, and gave the check to Smith. The same day Smith, who was owing the plaintiff the sum of $28.60, called at the plaintiff's place of business, and, saying that he (Smith) wanted to pay his bill, gave the plaintiff the check in payment thereof, and obtained $65 in cash, the balance to be paid by plaintiff to Smith when the check was cashed; Smith saying he would call for the balance, of $109.95, on the following Monday. Smith at that time told the plaintiff that Day, the maker of the check, was indebted to him (Smith) in the sum of $800, of which the check was a part payment, and that Richtie had indorsed the check and endeavored to get it cashed to accommodate Smith, but, not being able to do so, had erased his indorsement. The plaintiff knew Smith, and had no reason to believe that his story was untrue. Upon presentation of the check to the bank, he found that payment had been stopped. He thereupon brought this action to recover the sum of $93.60.

The defendant upon the trial—claiming that there was no proof of the indorsement of the check by Smith, and that there being enough suspicious circumstances to put the plaintiff upon his guard, and to require him to make inquiries as to the validity of the check, he was therefore not a "holder in due course," and took the check subject to

all equities—obtained a judgment in his favor, from which the plaintiff appeals.

Smith did not appear in the action, never having been served. It was not necessary for the plaintiff to prove the handwriting of Smith upon the check. Smith presented the check to the plaintiff in person, with his (Smith's) name written thereon. Smith was known to plaintiff, and plaintiff knew him to be the person whose name was indorsed upon the check; and it is undisputed that the person who presented the note to the plaintiff was the same person to whom the check was made payable, and to whom the check was delivered by the defendant. This makes out at least a prima facie showing of a valid indorsement. Greenleaf on Evidence (Lewin's Ed.) vol. 2, § 165; Reinhard v. Dorsey Coal Co., 25 Mo. App. 350, 353.

Under section 91 of the negotiable instrument law (Laws 1897, p. 732, c. 612), the plaintiff was the holder of the check in due course. He became the holder before it was overdue. It was complete and regular on its face. Plaintiff had no notice that payment had been stopped, or of any infirmity or defect of the title of the person from whom he obtained it, and he paid $65 in cash for it. The erasure of Richtie's name was plausibly explained, and section 95 of the negotiable instrument law provides that, to constitute notice of an infirmity in the instrument, or defect in the title, the person to whom it was negotiated "must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith." None of these elements appear in the transaction between Smith and the plaintiff. See, also, Am. Ex. Nat. Bank v. N. Y. Bill & Pack. Co., 148 N. Y. 698, 704, 705, 43 N. E. 168; Cheever v. Pittsburg R. R. Co., 150 N. Y. 59, 65, 66, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646.

Of course, under section 93 of the negotiable instrument law, plaintiff can recover no more, after notice of infirmity in the instrument, than the amount actually paid; and whether, under the facts disclosed upon the trial, the plaintiff can recover more than the sum of $65, need not now be determined, as, upon a new trial, which must be had, other facts and circumstances in addition to those contained in the present record may be shown, bearing upon that question.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.