(107 N. W. 1083.)

---

### C. A. TAMLYN v. P. O. PETERSON AND KAREN O. PETERSON.

Opinion filed May 21, 1906.

**Negotiable Instruments — Fraud — Bona Fide Purchaser.**

> When fraud in the inception of a negotiable instrument is alleged and proved, the burden is upon the indorsee to prove that he is a purchaser for value, before maturity without notice, and in good faith.

Appeal from District Court, Ransom county; *Allen,* J.

Action by E. A. Tamlyn against P. O. Peterson and Karen O Peterson. Judgment for defendants. Plaintiff appeals.

Affirmed.

*Pierce & Tenneson,* for appellant.

If the defendant desires to rely upon his alleged failure of consideration, or fraudulent representation as a defense to the note, his answer must allege that the plaintiff took the note with notice of the same. Bliss on Code Pleading, section 330; 8 Cyc. 170; Anderson v. Jacobson, 66 Ill. 522; Ither v. Rich, 10 Ad. & Ell. 784; 14 Enc. Pl. & Pr. 641; Sturdivant v. Bank, 60 Fed. 730; Daniel on Negotiable Instruments, section 770; Stein v. Keller, 4 Greene, 86; Clapp v. Cedar Co., 5 Iowa, 15; Billingsly v. Craddock, 47 N. W. 893; Lane v. Krekle, 22 Iowa, 399; Banks v. McCosker, 34 Atl. 539; Posey v. Denver Nat. Bank, 42 Pac. 684.

*Chas. S. Ego* and *T. A. Curtis,* for respondent.

In this case are decided symptoms of "graft," "false pretense," and the work of "imposters." Here is a Scandinavian farmer, not used to the oily-tongued grafter, submitting his child for treatment by one representing himself as a cat's paw under the name of an innocent purchaser. This court has expressed its opinion of such transactions in Knowlton v. Schultz et al., 6 N. D. 417, 71 N. W. 550; 2 Rand. Com. Paper, Par. 992; Jordon et al. v. Grover et al., 33 Pac. 889.

ENGERUD, J. Suit on a negotiable promissory note, the plaintiff claiming to be an indorsee for value in the ordinary course of business before maturity. The defendants admit the execution of the note, but allege that its execution was induced by the fraud of the original payee and that there was no consideration therefor, and they deny that the plaintiff is a bona fide purchaser. The trial resulted in a verdict for defendant, after plaintiff's motion for a directed verdict in his favor had been denied. The plaintiff thereupon made an alternative motion for judgment, notwithstanding the verdict, or for a new trial. The court denied both features of that motion. Plaintiff then appealed from that order. The motion was made upon a statement of the case duly settled. The plaintiff contends, first, that the defendant's evidence does not show fraud or want of consideration; and, second, even if the evidence is sufficient to prove these allegations, the evidence was inadmissible because defendant failed to plead or prove sufficient facts to show that plaintiff was not a bona fide purchaser without notice of the invalidity of the paper.

We shall dispose of the latter proposition first. Appellant relies upon those cases from other states, which held that the maker of negotiable paper, who, in an action by the indorsee, seeks to avail himself of defenses existing against the original payee, has the burden of pleading and proving that the indorsee took with notice. Such is not the law of this state. In the case of Vickory v. Burton, 6 N. D. 245, 69 N. W. 193, this court declined to follow that line of authorities and held that in such cases, when the defendant had shown fraud on the part of the original payee, "the plaintiff has the burden of showing a good faith purchase of such paper in due course and without notice." This view was reiterated and adhered to in Knowlton v. Schultz, 6 N. D. 417, 71 N. W.

550. We think that rule is a sound and salutary one and should be adhered to, even if it had not become the established law in this state. The answer alleges and the proof shows that a person styling himself, Dr. A. H. Shields, appeared at defendant's farmhouse and represented himself to be a skilled physician of the New York Hospital of St. Joe, Mo. He offered to treat the defendant's child and cure it of an ailment with which it was afflicted. He agreed to furnish the medicine once a month for six months, at the end of which time he agreed to call in person and collect the note. If a cure had not then been effected, he would continue further treatment. Under these circumstances the note was executed. It is needless to say that the "doctor" was never again heard of, and no medicines were furnished except those left behind him at the time. The medicines, of course, were worthless. The circumstances leave no room for doubt that the "doctor" was a confidence man, and that his representations and promises were made with intent to deceive and without any intention to fulfill them. A promise so made is a fraud. Rev. Codes, 1899, section 3848, subdivision 4. The defendant's testimony, if true, tended to show that the plaintiff was a confederate of the "doctor" in the perpetration of the fraud. The testimony of the plaintiff as to the indorsement to him of the note, is of the most formal character and there is little if anything in it upon which the jury could have based a finding of good faith on his part in the purchase.

The verdict is amply sustained by the proof, and we find no error in the record. The order appealed from is affirmed. All concur.