McCARTHY et al. v. HOUSTON OIL CO. OF TEXAS et al. (No. 540.)

(Court of Civil Appeals of Texas. Beaumont. March 22, 1920. Rehearing Denied April 28, 1920.)

1. **Attorney and client ⬅88—Attorney for unknown heirs, not authorized after adjournment to apply for new trial.**

In an action against the unknown heirs of a person, an attorney appointed to represent the unknown heirs was without authority, after the adjournment of the term, to file an application for a new trial.

2. **Judgment ⬅335(1) — Review of judgment on service by publication must be applied for by those entitled.**

Under Rev. St. 1911, art. 2026, authorizing defendants served by publication to obtain a new trial on application filed within two years, a bill of review to amount to a new trial must be filed by those authorized so to do.

3. **Judgment ⬅518 — Objection because of pendency of application for new trial not a collateral attack.**

An objection to a judgment offered in evidence on the ground that an application for a new trial was pending was not a collateral attack on the judgment.

4. **Judgment ⬅661—Not admissible in evidence where authorized application for new trial is pending.**

A judgment was not a final judgment, and was not admissible in evidence for any purpose if a pending application for a new trial was filed by a person having authority to file it.

5. **Trial ⬅140(1)—Credibility of witness for jury.**

The credibility of a witness was for the jury and not for the court.

6. **Adverse possession ⬅71(2)—Heirs may acquire title under void deed to ancestor who did not take possession.**

Though a deed was void and the grantee never took possession of the land, his heirs, claiming under the deed as heirs, could prove title, under the 10-year statute of limitations, to the boundaries described in the deed.

7. **Trespass to try title ⬅6(1)—Proof of title to undivided interest sufficient as against stranger.**

Proof of title to an undivided interest in a survey will support a recovery of the entire survey against a stranger to the title in trespass to try title.

8. **Trespass to try title ⬅38(3)—Presumption from prior possession negatived by showing possession was under void deed.**

In trespass to try title, proof that plaintiffs' possession, if any, was under a void deed negatived any presumption of title from plaintiffs' showing of prior possession.

9. **Judgment ⬅956(1) — Plaintiffs presumed to have proved chain of title in support of judgment in trespass to try title.**

Where, in trespass to try title, plaintiffs offered in evidence a judgment in a suit brought by them against the unknown heirs of a person, it is presumed, in the absence of a showing to the contrary, that they introduced their chain of title in such suit.

10. **Judgment ⬅671—Judgment against unknown heirs not conclusive against heirs of different person of same name.**

Where plaintiffs in trespass to try title had recovered a judgment establishing their title as against the unknown heirs of A., if the person of that name under whom they claimed and the person having the same name under whom defendants claimed was not the same person, they did not, by their judgment, acquire the title of the heirs of the person under whom defendants claimed.

11. **Vendor and purchaser ⬅231(4)—No issue of innocent purchaser arises where parties claim under different chains of title.**

Where plaintiffs and defendants in trespass to try title hold under different chains of title, the issue of innocent purchaser does not arise, though plaintiffs' chain of title was not recorded.

Appeal from District Court, Hardin County; E. A. McDowell, Judge.

Action by Edward McCarthy and others against the Houston Oil Company of Texas and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

W. D. Gordon, and Thos. J. Baten, both of Beaumont, for appellants.

Wilson, Dabney & King, Moore & Powell, Kennerly, Williams, Lee & Hill, and A. R. & W. P. Hamblen, all of Houston, and Minor & Minor, Jas. A. Harrison, and Anderson & Masterson, all of Beaumont, for appellees.

WALKER, J. The appellants, Edward McCarthy et al., were the plaintiffs in the court below in an action of trespass to try title, involving the Eduardo Arriola league of land in Hardin county, Tex. This suit was filed on the 22d day of January, 1917, against Houston Oil Company of Texas, W. A. Billingsley et al., and was tried during the month of April, 1919. Plaintiffs' petition was in the usual form, and, in addition, they specially pleaded three, five, and ten years' limitation. The Houston Oil Company of Texas and those holding under it pleaded the general issue,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

three, five, and ten years' limitation, impleaded their warrantors, and by cross-action set up title in themselves. Billingsley and those associated with him in his claim to the land pleaded the general issue, and also specially pleaded the absence of A. O. Allen from the state from 1846 to 1858, in avoidance of plaintiffs' pleas of limitation. The warrantors adopted in part the answer of the Houston Oil Company of Texas. At the conclusion of the trial, on motion of defendants and warrantors, the 'court instructed a verdict in their favor, and from the judgment entered on this verdict plaintiffs have appealed.

The land in controversy was granted to a Mexican named Eduardo Arriola on the 6th day of November, 1835. Plaintiffs deraign their title from Eduardo Arriola through a power of attorney given by him to Henry Raguet. The defendant Houston Oil Company of Texas and those claiming under it deraign their title through a chain of transfers originating with the heirs of an Eduardo Arriola, who at one time lived in Grimes county, Tex., and Billingsley and those associated with him deraign their title through Enrique Arriola, by deed dated the 12th day of December, 1908, wherein he recites that he is "Enrique Arriola of the state of Zacatecos, republic of Mexico, son and sole heir at law of Eduardo Arriola, deceased." The appellants introduced a complete chain of title from Eduardo Arriola to themselves, but they concede, on authority of Brown v. Simpson's Heirs, 67 Tex. 225, 2 S. W. 644, that the deed from Arriola, by his attorney in fact, Henry Raguet, to Allen and Logan is void because it was made in pursuance of a power of attorney executed before the issuance of the grant. The power of attorney in this case is identical in terms with the power of attorney in Brown v. Simpson's Heirs, supra. Appellants also introduced in evidence a judgment rendered in the district court of Hardin county, Tex., on February 4, 1918, in cause No. 2965, styled G. G. Clough v. Unknown Heirs of Jemima Morgan et al., wherein the plaintiffs recovered judgment against the Unknown Heirs of Eduardo Arriola for the land in controversy. Judge E. M. Chester was duly appointed by the court to represent the defendants served by publication. These appellants are the same parties plaintiff and their privies as named in said judgment. On the 17th day of April, 1919, and after the adjournment of the term of court at which said judgment was entered, said E. M. Chester, the attorney appointed by the court to represent the unknown heirs, filed an application for new trial. On the 22d day of April, 1918, he filed an amended application for new trial. On the 30th day of January, 1919, he filed a second amended application for new trial. These applications were duly sworn to, and no complaint is made as to their form and substance, provided Chester had authority to file them. On the 26th day

of January, 1919, the plaintiffs in said judgment filed in said cause a motion, in which they prayed "that the said attorney, E. M. Chester, who resided in Beaumont, Jefferson county, Tex., be cited to appear before this honorable court and show by what authority he prosecutes such proceeding, and upon his failure to show such authority that such proceedings be dismissed." On hearing, plaintiffs' motion was overruled. As to Chester's motion, the following agreement appears in the record:

"It is agreed that the motion for new trial filed by E. M. Chester is now pending in the Seventy-Fifth district court of Hardin county, Tex."

[1] Under the judgment rendered in cause No. 2965, Clough v. Unknown Heirs, appellants acquired the title of the Eduardo Arriola who executed the power of attorney to Henry Raguet. After the adjournment of the term at which Chester was appointed to represent the unknown heirs, he was without authority to file an application for new trial. We recognize the rule announced in Russell v. Randolph, 11 Tex. 460, 468, that an attorney appointed to represent unknown heirs has the right to appeal from the decision of the trial court. But Chester did not do this. Also we do not question the authority of Davenport v. Rutledge, 187 S. W. 988, that—

"Upon service by publication, under article 2026, the defendant has two years in which to file a bill of review and obtain a new trial. The remedy given thereby is cumulative, or an additional remedy to an appeal, and peculiar to suits by publication. Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723."

Had Chester desired to prosecute this suit further, his authority was limited to an appeal. As said in 6 Corpus Juris, 672, § 184:

"It is always a presumption that an attorney is employed to conduct the litigation to judgment, and no further; the relation of attorney and client and the general powers of the attorney cease upon the rendition and entering of the judgment. There is a distinction in this connection, however, between cases in which the attorney is retained to represent plaintiff and those in which he represents defendant; in the latter case, the entry of final judgment always terminates the relation and the attorney's authority; in the former case, it is generally the rule that the attorney's authority lasts until satisfaction of the judgment, and that he may take the ordinary and usual steps to secure such satisfaction."

Where an appeal lies, as in this case, the attorney appointed by the court, as announced in Russell v. Randolph, supra, has the further authority to appeal the case. In discussing article 2026, R. S. 1911, Chief Justice Phillips, in Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281, says:

"The proceeding was under Rev. St. 1911, art. 2026, which provides that, in cases where

judgment has been rendered on service by publication, a defendant not appearing may obtain a new trial for good cause shown upon a sworn application, filed within two years after the rendition of judgment. It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, to be filed and heard after adjournment of the term."

[2] But we do not understand from this citation that the Supreme Court holds that such a judgment remains under the control of the trial court for two years, and that during such time he could, on his own motion, grant a new trial to the unknown heirs as such. As we construe this opinion, a bill of review, to amount to a new trial, must be filed by those empowered so to do under Rev. St. 1911, art. 2026, for, continuing his discussion of this article, Judge Phillips says:

"A liberal discretion should be employed in the granting of a new trial under this statute. It is plainly authorized where it appears that a defendant cited by publication has a good defense to the suit which he was denied the opportunity of presenting, *and his application is made in accordance with the statute.*" (Italics ours.)

[3, 4] In objecting to this judgment, appellees are not attacking it collaterally, as insisted by appellants. If Chester had the authority to file this application, then the judgment against the unknown heirs was not a final judgment, and was not admissible in evidence by the parties to it for any purpose. Slaughter v. Cooper, 107 S. W. 897; Waples-Platter Gro. Co. v. T. & P. Ry. Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; Van Natta v. Van Natta, 200 S. W. 907.

[5] We also think that this case should have been submitted to the jury on the issue of ten years' limitation. The credibility of the witness Caplan was for the jury and not for the court.

[6] Though the deed to John K. Allen was void, and though he never took possession of the land, his heirs, claiming under such deed as such heirs, could perfect title under the ten-year statute of limitation to the boundaries described in the deed. "A tenant claims land under the deed to his landlord and the heir claims under the deed to his ancestor, yet the possession of either tenant or heir under such a deed will support a plea of five-year limitation." Thompson v. Weisman, 98 Tex. 170, 82 S. W. 503.

As a matter of law, the evidence is not sufficient to sustain the counter proposition of appellees that A. C. Allen was out of the state during the time of Caplan's occupancy; that is, from 1846 to 1858.

[7] On the ground that the deed to Allen and Logan was void, appellees advance the proposition that there was no cotenancy under it, and that possession by Allen's tenant, Caplan, could not mature limitation title for Logan, citing Brown v. Simpson's Heirs, supra, and Roberts v. Thorn, 25 Tex. 728, 78 Am. Dec. 552. Also they advance the further proposition that the judgment against the unknown heirs of Eduardo Arriola "does not divest the title of the wife of Eduardo Arriola or her heirs," citing Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 99. These propositions are immaterial to this appeal, because proof of title to an undivided interest in a survey will support a recovery of the entire survey against a stranger to the title (Hill v. Smith, 6 Tex. Civ. App. 312, 25 S. W. 1079; Padgett v. Guilmartin, 106 Tex. 551, 172 S. W. 1101), and the issue was sharply drawn as to whether appellees were claiming under the original grantee.

[8] Plaintiffs' possession, if any, was under a void deed. This negatived any presumption of title from the showing made by plaintiffs of prior possession. Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967; Lynn v. Burnett, 34 Tex. Civ. App. 335, 79 S. W. 64; Corrigan v. Fitzsimmons, 76 S. W. 68. Under these authorities, plaintiffs were not entitled to go to the jury on the issue of prior possession.

[9, 10] Appellants, under their judgment against the unknown heirs of Eduardo Arriola claimed the title owned by the heirs of the Arriola under whom appellees hold. They say:

"If the Madison county gentleman was the Eduardo Arriola in controversy, that judgment, of course, concluded all of his heirs who had any title to this land at the date of its entry. And the record shows that appellees, the Houston Oil Company of Texas and others, are connected with only a portion of these heirs by deed and judgment, including the Houston Oil Company against the unknown heirs."

We do not agree with this proposition. In developing the title against the unknown heirs of Eduardo Arriola, it is presumed, in the absence of a showing to the contrary, that appellants introduced their chain of title to this land. In doing this they connected themselves with an Arriola whom they now tell us is a different person from the one under whom appellees hold. It follows then that the unknown heirs, who were parties to that suit, were the heirs of the Arriola under whom appellants are now claiming. If the jury should find that appellants and appellees are all holding under the same Eduardo Arriola, then appellants' proposition would be sound.

[11] In this connection, appellees advance the proposition that the issue of innocent purchaser by them against the chain of title asserted by appellants was raised by the evidence. If appellants and appellees hold

under the same Eduardo Arriola, this issue is in the case, because appellants' chain of title was not of record in Hardin county when appellees purchased. However, if appellees hold under a different Arriola from appellants then the issue of innocent purchaser would not arise because they hold under one chain of title and appellants hold under another.

Both parties to this appeal have briefed thoroughly, both on the law and on the facts, the issue of presumption of title out of the heirs of Eduardo Arriola and the issue of the ratification by Arriola and his heirs of the void deed from Raguet. We do not see that it would serve any useful purpose to quote at length from the record on this issue. Suffice it to say that, as we view these facts, these issues do not arise in favor of either party. However, what we here say is based on this record. In view of another trial, should such issues arise, the trial court will properly submit the same to the jury.

We cannot sustain appellants' assignments that this case should be reversed and rendered. These appellants were not parties to Houston Oil Co. of Texas v. Billingsley (Com. App.) 213 S. W. 248, involving the land in controversy in this suit, but in that case, and in Billingsley v. Houston Oil Co. of Texas, 182 S. W. 375, the Commission of Appeals and the Court of Civil Appeals for the First District reviewed the facts relied on by the Houston Oil Company to establish the plea of five-year limitation, and their claim that they were holding under the original grantee. On the issue of identity, speaking for the Commission of Appeals, Judge Sadler said:

"The evidence upon the issue of identity was conflicting, and there were circumstances tending very strongly to show that the Arriola through whom defendant claimed was the original grantee of the title."

In discussing their plea of five-year limitation, he further said:

"From this testimony [referring to Houston Oil Company's testimony] we are of opinion that some evidence is presented tending to show that five years continuously intervened from the time entry was made on the league until the occupancy was wholly abandoned."

We believe that the Houston Oil Company is entitled to go to the jury on these two issues; also that Billingsley is entitled to go to the jury on the identity of the Eduardo Arriola under whom he and his associates claim.

Both parties to this appeal have raised many interesting questions, which they have briefed with a great deal of care and ability. We have not discussed the assignments and propositions in their order as presented, but we believe what we have said disposes of the legal questions raised. For the reasons indicated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

HIGHTOWER, C. J., being recused, did not sit in the disposition of this case.