Eric Lynn STRANGE, Appellant,

v.

The STATE of Texas, Appellee.

No. A2638.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 29, 1981.

Carol J. Carrier, Carrier & McKinzie, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Elizabeth Bridges, Asst. Dist. Attys., Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal by Eric Lynn Strange, a minor, from an order of the 313th Judicial District Court of Harris County, Texas, waiving jurisdiction over him and transferring him to the criminal district court for trial as an adult for the alleged commission of the crimes of aggravated rape and burglary with intent to commit rape. We affirm.

On July 27, 1980, the appellant was arrested for the offenses of aggravated rape and burglary which allegedly occurred on July 23, 1980. On August 6, 1980, the State of Texas filed a motion to waive jurisdiction of the juvenile court of Harris County, Texas, pursuant to Tex.Fam. Code Ann. § 54.02 (Vernon 1975, Vernon Supp. 1980). Counsel was appointed for appellant; and a diagnostic study, social evaluation, investigation and psychiatric examination was ordered by the Court. An amended motion to waive jurisdiction was filed September 15, 1980; and a hearing was held on the motion on September 23, 1980, after which the motion was granted. Appellant gave notice of appeal and filed a motion for new trial on September 23, 1980, and a supplemental motion for new trial on October 13, 1980.

Both motions were overruled on October 15, 1980.

Evidence elicited at the hearing consisted of the testimony of the rape victim and owner of the burglarized home, Joyce Porter; a witness to the rape, Ruth Sanders; the arresting police officer, Deloney; the certification investigation report; and two photographs of Joyce Porter taken after the crime while she was hospitalized, allegedly as a result of the crime. The appellant offered no evidence.

The appellant urges nine points of error, the first two complaining of the court's refusal to grant appellant's motions requesting authorization for payment by the County of expert assistance fees as provided in Tex.Code Crim.Pro.Ann. art. 26.05 (Vernon Supp. 1980). The statute provides for payment of "expenses incurred for purposes of investigation and expert testimony" in a reasonable amount to be set by the court not to exceed $500 in those cases where counsel has been appointed to defend a person accused of a felony or misdemeanor punishable by imprisonment or to represent an indigent in a habeas corpus hearing. In separate motions appellant requested funds to employ both a licensed private investigator and a licensed psychiatrist. Appellant did not allege in either motion and there is no contention here that expenses had been incurred for these purposes. It was held in *Myre v. State*, 545 S.W.2d 820 (Tex.Crim.App. 1977) that it is within the discretion of the trial court whether or not to provide compensation for expenses incurred for purposes of investigation; and the court then noted that Myre's counsel had not shown that he incurred any such expenses. We would question whether it should be necessary to show that expenses for investigation and expert testimony actually have been incurred before the trial court can allow fees therefor under Tex.Code Crim.Pro.Ann. art. 26.05 (Vernon Supp. 1980). However, we agree that the trial court should have discretion whether to allow such fees and that the trial court's denial thereof should not be reversed in the absence of a showing of an abuse of such

discretion. See *In re Q. D.*, 600 S.W.2d 392 (Tex.Civ.App.-Fort Worth 1980, no writ), in which the trial court's refusal to appoint a psychiatrist to examine Q. D. for purposes of the certification hearing was affirmed on the ground that there was no showing of an abuse of discretion.

In the instant case there is no showing that the trial court abused its discretion in denying funds for employment of an investigator or a psychiatrist, and for this reason we overrule appellant's points one and two.

■ In his third point of error appellant contends the court erred in admitting into evidence the certification investigation report on the basis that the limited access allowed appellant's counsel by § 54.02 to review the report was inadequate to properly prepare for trial. The statute provides that at least one day prior to the transfer hearing appellant's attorney shall be provided access to all written material to be considered by the court in making the transfer decision. Appellant admits that his attorney was provided access to the certification investigation report on September 19, 1980, four days prior to the hearing, but contends that a proper study and evaluation of its findings was not possible because appellant's counsel was not allowed to make a copy of it or remove the report to her office. We find that there was full compliance with the statute, that appellant had the required access to the report and was provided with a reasonable time in which to study the report and make notes regarding its contents sufficient to prepare for trial. The report was properly admitted.

■ Appellant's fourth point challenges § 54.02(c) on constitutional grounds for its failure to provide for a jury trial at the certification hearing. This point was addressed and overruled in *In the Matter of P.B.C.*, 538 S.W.2d 448, 453 (Tex.Civ.App.-El Paso 1976, no writ). In upholding the constitutionality of § 54.02(c) the El Paso court cites *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed. 647 (1971) which held that a jury trial is not a constitutional requirement in the adjudicative stage of a juvenile proceeding. Appellant's fourth point is overruled.

■ In his fifth point of error appellant argues that the trial court committed reversible error by admitting into evidence photographs taken of Mrs. Porter while she was hospitalized after the alleged rape. Appellant contends the photographs were inflammatory and cumulative of previous testimony by Mrs. Porter, and served only to prejudice appellant's case. We disagree. The photographs were competent, material and relevant. They depicted earlier testimony which was admissible. *Martin v. State*, 475 S.W.2d 265 (Tex.Crim.App. 1972). Furthermore, even if the evidence were inadmissible as appellant contends, it would not be grounds for reversal because the case was tried without a jury. When the trial is to the court without a jury, an error in admission of evidence which is merely cumulative is not ground for reversal. *Hill v. Smith*, 6 Tex.Civ.App. 312, 25 S.W. 1079 (1894). Appellant's fifth point is overruled.

■ In points six and seven appellant complains of the court's failure to grant appellant a directed verdict and argues that § 54.02 violates and contradicts the Supreme Court's requirement in *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) that the State prove its case beyond a reasonable doubt. This contention was specifically overruled in *In the Matter of P.B.C., supra*, which set forth that the burden of proof required at a waiver and transfer hearing such as this is "the preponderance of the evidence" standard for the reason that the hearing is not for a determination of guilt or innocence, but rather constitutes merely a preliminary hearing. Points six and seven are overruled.

Finally, appellant contends in points eight and nine that the court erred in failing to grant his motion for new trial and his supplemental motion for new trial. His only argument in support of point eight regarding the failure to grant the motion for new trial consists of incorporating by reference his argument and authorities under points one, two, four, six and seven, which we have considered and overruled. Overlooking the fact that appellant's argument does not approach substantial compliance with Tex.R.Civ.P. 418(e) (Vernon

Supp. 1980) precluding our consideration of both his points of error concerning his motions for new trial, we overrule point eight on the basis that points one, two, four, six and seven have been overruled.

■ Appellant asserts no argument or authorities to support his contention that it was error to deny his supplemental motion for new trial. Instead he asserts that it was reversible error for the district court to which the case was transferred to exercise jurisdiction over appellant in the form of indictment proceedings prior to a final ruling on appellant's motions for new trial. Appellant further complains of the district court's failure to notify his court-appointed counsel of the indictment proceedings. Neither of these points is properly before this court for our consideration; however, we would point out that the appropriate means of review of a waiver and transfer hearing is by appeal to a court of civil appeals. Tex.Fam.Code Ann. § 56.01 (Vernon 1975). Section (g) specifically provides that appeal of such an order does not suspend the order of the juvenile court or proceedings in the criminal district court. *Moreno v. State*, 511 S.W.2d 273, 274 (Tex. Crim.App. 1974). Appellant's ninth point is overruled.

The judgement of the trial court is affirmed.