IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00040-CR

 

Edgar Archie Jackson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 2814CR

 



MEMORANDUM  Opinion










 

      Jackson appeals his conviction for
robbery.  See Tex. Penal Code
Ann. § 29.02(a) (Vernon 2003).  We affirm.

      Motion for Advance Payment of
Investigator.  In Jackson’s first issue, he contends that the trial court
erred in overruling Jackson’s motions for advance payment of an investigator. 
The only provision for payment of investigation expenses in advance of their
being incurred in the Texas Code of Criminal Procedure provides:

      (f)   Appointed
counsel may file with the trial court a pretrial ex parte confidential request
for advance payment of expenses to investigate potential defenses.  The request
for expenses must state:

 

      (1)  the
type of investigation to be conducted;

      (2)  specific
facts that suggest the investigation will result in admissible evidence; and

      (3)  an
itemized list of anticipated expenses for each investigation.

      (g)  The
court shall grant the request for advance payment of expenses in whole or in
part if the request is reasonable.

Tex. Code Crim. Proc.
Ann. art. 26.052 (Vernon Supp.
2005); see id. art. 26.05(d) (Vernon Supp. 2005) (making art.
26.052(f)-(g) applicable in noncapital cases).  “[T]he trial court should have
discretion whether to allow” expenses for investigation, and “the trial court’s
denial thereof should not be reversed in the absence of a showing of an abuse
of such discretion.”  Strange v. State, 616 S.W.2d 951, 952 (Tex.
App.—Houston [14th Dist.] 1981, no pet.); see Myre v. State, 545 S.W.2d
820, 826 (Tex. Crim. App. 1977), disavowed in part on other grounds, Rabbani
v. State, 847 S.W.2d 555, 560 n.9 (Tex. Crim. App. 1992) (“It is within the
discretion of the trial court whether or not to provide compensation for
expenses incurred for purposes of investigation.”).  Jackson’s motion failed to
comply with the statute.  The motion stated at most only general facts
suggesting that the investigation would result in admissible evidence, namely
that “several witnesses . . . participated and/or observed the
alleged robbery”;  and the motion does not state the type of investigation to
be conducted nor include a list of investigation expenses.  Accordingly, the
trial court did not abuse its discretion in denying the motion.  We overrule Jackson’s first issue.

      Impeachment.  In Jackson’s second
issue, he contends that the trial court erred in overruling Jackson’s pretrial
motion to testify free from impeachment by prior convictions.  See Tex. R. Evid. 609(a)-(b); Theus v.
State, 845 S.W.2d 874 (Tex. Crim. App. 1992).  The trial court overruled
Jackson’s motion as to remote convictions, for which the date of conviction or
release from confinement apparently occurred more than ten years before trial,
for felony theft, aggravated assault on a peace officer, and unauthorized use
of a motor vehicle; and as to recent convictions for burglary of a habitation
and unauthorized use of a motor vehicle, for which the date of release from
confinement occurred less than ten years before trial.  Jackson did not
testify, and evidence of Jackson’s convictions was not offered.  We assume
without deciding that Jackson preserved his complaint.  See Tex. R. App. P. 33.1(a); Geuder v.
State, 115 S.W.3d 11 (Tex. Crim. App. 2003).  

      The Texas Rules of Evidence provide:

      (a) General Rule.  For the purpose of attacking the credibility
of a witness, evidence that the witness has been convicted of a crime shall be
admitted if elicited from the witness or established by public record but only
if the crime was a felony or involved moral turpitude, regardless of
punishment, and the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to a party.

      (b)
Time Limit.  Evidence of a conviction under this rule is not
admissible if a period of more than ten years has elapsed since the date of the
conviction or of the release of the witness from the confinement imposed for
that conviction, whichever is the later date, unless the court determines, in
the interests of justice, that the probative value of the conviction supported
by specific facts and circumstances substantially outweighs its prejudicial
effect.

Tex. R. Evid. 609.  “A non-exclusive list” of 

factors
to be considered in weighing the probative value of a conviction against its
prejudicial effect . . . includes (1) the impeachment value of
the prior crime, (2) the temporal proximity of the past crime relative to
the charged offense and the witness’ subsequent history, (3) the
similarity between the past crime and the offense being prosecuted,
(4) the importance of the defendant’s testimony, and (5) the
importance of the credibility issue.

Theus, 845
S.W.2d at 880 (internal footnote omitted).  “In reviewing the trial court’s
conduct in weighing these factors and decision in admitting into evidence a
prior conviction, we must accord the trial court ‘wide discretion.’”  Id. at 881 (quoting United States v. Oaxaca, 569 F.2d 518, 526 (9th Cir.
1978)).

The
impeachment value of crimes that involve deception is higher than crimes that
involve violence, and the latter have a higher potential for prejudice. 
Therefore, when a party seeks to impeach a party with evidence of a crime that
relates more to deception than not, the first factor weighs in favor of
admission.

Id.
(internal citation omitted).  Theft, unauthorized use of a motor vehicle, and
burglary are crimes of deception, so the first factor weighs in favor of admission
of the convictions for those offenses.  Assault is a crime of violence, so the
first factor weighs against admission of the conviction for assault.  Temporal
proximity “will favor admission if the past crime is recent and if the witness
has demonstrated a propensity for running afoul of the law.”  Id.  Jackson’s convictions ranged from a date of conviction twenty-five years before trial to a
date of release from confinement the year of trial.  Temporal proximity thus
weighs in favor of admission.  “If . . . the past crime and the
charged crime are similar,” similarity “will militate against admission.”  Id.  The charged offense, robbery, is similar to the past crimes of theft and
assault.  Similarity thus weighs against admission of those offenses.  “When
the case involves the testimony of only the defendant and the State’s
witnesses, . . . the importance of the defendant’s credibility and
testimony elevates.  As the importance of the defendant’s credibility
escalates, so will the need to allow the State an opportunity to impeach the
defendant’s credibility.”  Id.  Jackson did not testify and presented no
evidence at the guilt phase of trial.  The trial court did not abuse its
discretion in determining that the probative value of the convictions outweighed,
or substantially outweighed, their prejudicial effect.  

      Moreover, the record does not establish
harm.  Any “error, defect, irregularity, or variance” other than constitutional
error “that does not affect substantial rights must be disregarded.”  Tex. R. App. P. 44.2(b).  “A
substantial right is affected ‘when the error has a substantial and injurious
effect or influence in determining the jury’s verdict.’”  Rich v. State, 160
S.W.3d 575, 577 (Tex. Crim. App. 2005) (quoting Russell v. State, 155
S.W.3d 176, 179 (Tex. Crim. App. 2005)); accord King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997).  In evaluating harm, “the appellate
court should consider everything in the record.”  Rich at 577; accord
Motilla v. State, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002).  Jackson argues that the trial court’s ruling compelled him not to testify.  The record,
however, does not show the reason for Jackson’s failure to testify. 
Furthermore, the record includes eyewitness testimony and a video recording of
the offense.

      We overrule Jackson’s second issue.

      Motion for Continuance.  In Jackson’s third issue, he contends that the trial court erred in overruling Jackson’s motion for continuance.  See Tex.
Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). “The only means of
preserving error in the overruling of a motion for continuance due to an absent
witness is a motion for new trial.”  Taylor v. State, 612 S.W.2d 566,
569 (Tex. Crim. App. [Panel Op.] 1981); accord Benoit v. State, 561
S.W.2d 810, 817 (Tex. Crim. App. 1977); see Tex. R. App. P. 21.2, 33.1(a); see generally 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 28.56, at 532-33 (2d ed. 2001).  Jackson failed to file
a motion for new trial.  Jackson thus forfeited his issue.  We overrule Jackson’s third issue.

      Having overruled Jackson’s issues, we affirm.

TOM GRAY

Chief
Justice




Before
Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Opinion
delivered and filed November 16, 2005

Do
not publish

[CRPM]

 

      *
“(Justice Vance concurs with a note:  Although I find it difficult to reconcile
the analysis of Jackson’s second issue with our decision in Moore v. State,
143 S.W.3d 305 (Tex. App.—Waco 2004, pet. ref’d), I concur in the judgment).”